COMMISSIONERS OF AITKIN COUNTY *vs.* DORILUS MORRISON.

September 30, 1878.

**Opening Tax Judgments.**—Under the act of March 1, 1877, (Laws 1877, *c.* 79,) entitled "An act providing for opening judgments in certain cases of tax sales," where the application shows only that the petitioner had an interest in the real estate, and that it was exempt from taxation, the court might refuse the application to set aside the judgment.

Appeal by Dorilus Morrison, as owner of certain lands in Aitkin county, from an order of the district court for Crow Wing, Wadena, Cass, Itasca and Aitkin counties, *Stearns,* J., presiding, denying his motion to open certain tax judgments against such lands.

*Bradley & Morrison,* for appellant.

*G. W. Holland,* for respondent.

GILFILLAN, C. J.    Judgment was rendered in 1876, in the counties of Crow Wing, Wadena, Itasca, Cass and Aitkin, for enforcement of the taxes against certain lands for the year 1875, and the lands were sold pursuant to the judgment. Dorilus Morrison afterwards presented a petition to the district court, claiming an interest in the lands, and claiming that, by reason of certain facts in the petition stated, the lands were exempt from taxation, and asking that the sale and judgment be set aside, and he be allowed to file an answer.    No fact is stated, aside from his interest and the exemption, as a reason for granting the relief asked for.    On the hearing, the facts as stated in the petition were stipulated to be true.    The court denied the application, and from the order denying it this appeal is taken.

It is objected that an appeal will not lie from such an order.    We think, however, that as the application is one authorized by statute, the order is, within Gen. St. *c.* 86, § 8, subd. 6, a final order affecting a substantial right, in a summary application in an action after judgment, and is therefore appealable.

The act of March 1, 1877, Laws 1877, *c.* 79, under which the application was made, provides, (section 3) : "If the court shall find that the petitioner had an interest in said land, either as owner or by virtue of any lien or encumbrance thereon, and is a minor, married woman or incompetent person, or that the taxes on said land had been paid, or that the lands were exempt from taxation, or that the amount for which the said lands were sold was greatly less than the value of such lands, or that the published notice of sale was not in fact brought to the knowledge of such person, or that for any other reason justice will be promoted by the granting of such petition, the court may, in its discretion, make an order setting aside said judgment and the proceedings thereunder, and allowing an answer to be filed." By section 1, the petition must ask that the judgment be set aside, and the applicant allowed to make an answer.

It is apparent that the establishment of the facts specified in this section did not entitle the applicant, as a matter of right, to an order setting aside the judgment and allowing an answer, for if such had been the intention, the granting or refusing the order would not have been left to the discretion of the court, as it expressly is; and where a statute specifies certain facts, and provides that upon these facts the court may, in its discretion, grant certain relief, we cannot say that, these facts and none others appearing, a refusal to grant the relief is abuse of discretion, for that would in effect make the statute imperative. No facts appearing in this case other than those upon which the statute authorizes the court in its discretion to grant or refuse an order setting aside the judgment, the order must be affirmed.