COUNTY OF CHISAGO *vs.* ST. PAUL & DULUTH RAILROAD
COMPANY.

August 24, 1880.

**Appeal—Order setting aside Tax Judgment.**—An order setting aside a judg-
ment in proceedings to enforce payment of taxes, under Gen. St. 1878,
*c.* 11, if it determine only the strict legal rights of the parties, and not
merely questions of practice or discretion, is reviewable, under Gen. St.
1878, *c.* 86, § 8, *subd.* 3.

**Tax Judgment valid, though the Land be Exempt from Taxation.**—In such
proceedings to enforce payment of taxes, the fact that the land against
which a tax is sought to be enforced is exempted from taxation, does
not affect the jurisdiction of the court in which the proceedings are
brought, to try and determine the legality of the tax.

Appeal by plaintiff from an order of the district court for
Chisago county, *Crosby,* J., presiding, opening certain tax
judgments, and giving defendant leave to answer.

*H. N. Setzer,* for appellant.

*James Smith, Jr.,* for respondent.

GILFILLAN, C. J. After the entry of tax judgments against
certain lands, and the sale of the lands, the same being bid
in for the state, and the expiration of the time to redeem, the
St. Paul & Duluth Railroad Company, claiming to own the
lands, made an application for an order opening the judgment,
and granting leave to answer and defend. The only ground for
the application was that the lands were exempt from taxa-
tion. The order was granted, and from that order the appeal
is brought.

The objection is made that the order is not appealable,
because the proceeding to enforce payment of taxes upon real
estate is not an action, and therefore the provisions of Gen.
St. 1878, *c.* 86, § 8, relating to appeals to this court, do not
apply. The proceeding is not an ordinary action, and all the
proceedings, from the filing of the list to the entry of judg-
ment, including the mode of review of the decisions of the
court below, up to the entry of judgment, are specially regu-

lated by the statute. Yet it is an action. Gen. St. 1878, c. 11, § 70, which prescribes how the proceedings shall be commenced, says: "The filing of such list shall have the force and effect of filing a complaint in an action by the county against each piece or parcel of land therein described, to enforce payment of the taxes and penalties therein appearing against it, and shall be deemed the institution of such action, and the same shall operate as notice of the pendency of such action."

As the statute regulating the proceeding does not point out any way to review orders made after the judgment, we think the provisions of chapter 86, § 8, apply, and give the right of appeal where they give it in case of similar orders in any other action. *Com'rs of Aitkin Co.* v. *Morrison,* 25 Minn. 295. An order setting aside a judgment, upon an application addressed to the discretion of the court, will not be reviewed unless there is an abuse of discretion. But if the order determines the strict legal rights of the parties, as distinguished from those mere questions of practice which every court regulates for itself, and those matters depending on the discretion or favor of the court, it involves the merits of the action, within the meaning of the third subdivision of section 8, chapter 86, and is appealable. *Barker* v. *Keith,* 11 Minn. 37, (65;) *Holmes* v. *Campbell,* 13 Minn. 66.

The only ground on which the application for the order was made was that the court had no jurisdiction of the proceedings in which the judgments were rendered, because the lands were exempt from taxation. The only mode in which the state can assert a right to tax lands, so that the claim of right may be judicially determined, is by the filing of the list. That is equivalent to the commencement of an action for the determination of such claim of right. Gen. St. 1878, c. 11, § 70. No error, irregularity or omission, prior to filing the list, affects the jurisdiction of the court. Section 73. This jurisdiction extends over the interest in the land of every person, company or corporation—of every owner, indeed—

unless where, from the character of the owner, (as, for instance, the United States,) the state cannot subject such owner to the jurisdiction of its courts in respect to lands within the state. The proceeding is in the nature of an action in which the rightfulness of the tax sought to be enforced is to be determined; the county standing as plaintiff, and asserting the rightfulness of the tax as set out in the list; all persons interested in the land, with the exception above suggested, and choosing to appear and defend, as defendants. It was never yet heard of that a court, authorized by law to try a particular class of actions or proceedings, could have no jurisdiction of a particular case within the class, on the ground merely that the claim of the party instituting the action or proceeding was not well founded. That is the very thing which the court must try. The judgments in these proceedings necessarily involve and determine that the tax appearing in the list was or was not lawfully imposed. It is the policy of the statute that every objection to the enforcement of the taxes appearing on the list filed should be litigated and decided in those proceedings. That the land is exempt, or that the tax has been paid, is a defence which must be "made to appear by answer and proofs." Section 79. The court below erred in holding that the exemption went to the jurisdiction of the court.

Order reversed.