E. O. HALVORSEN v. ORINOCO MINING COMPANY.[1]

June 5, 1903.

Nos. 13,424—(83).

### Complaint.

The complaint herein is sufficient as against the objection that it does not allege facts constituting a cause of action, made in this court for the first time on an appeal from a default judgment.

### Relief Demanded in Complaint.

On the default of a defendant, the relief which may be awarded to the plaintiff must be limited in kind and degree to that specifically demanded in the complaint, although its allegations and the proof would justify other or greater relief.

### Res Judicata—Order of Court.

Orders made upon motions affecting substantial rights, from which an appeal lies, if the matter in question has been fully tried, are as conclusive upon the issues necessarily decided as are final judgments.

### Appealable Order.

An order denying a motion to modify the judgment in this case *held* to be appealable, and a bar to the right of the defendant to raise the same question on appeal from the judgment.

Appeal by defendant from a judgment of the district court for Hennepin county, Elliott, J. Affirmed.

*Geo. N. Baxter*, for appellant.

*W. H. Adams*, for respondent.

START, C. J.

This is an appeal from a default judgment. The assignments of error raise two general questions for our consideration: Does the complaint allege facts constituting a cause of action? Was the plaintiff entitled to an absolute money judgment?

The complaint alleges, in effect, that the parties hereto entered into a contract whereby the plaintiff was to work for the defendant, and it was to pay him therefor $150 per month for every month he should work for it, to be paid $50 in cash, and $100 in

[1] Reported in 95 N. W. 320.

the defendant's capital stock, at the market value thereof, which was to be at the rate of ten cents on the dollar, or $10 per share on shares of the par value of $100; that the plaintiff, pursuant to the contract, worked for the defendant nine months; that at the time of the performance of such work the market value of the stock was $10 per share, and thereafter the plaintiff duly demanded of the defendant the issuance to him of ninety shares of its stock, but the defendant refused to issue the stock or perform its part of the contract. The prayer for judgment was in these words:

"Wherefore said plaintiff demands the judgment and decree of the court that said contract be specifically performed, and that said defendant be directed and required to perform its part of said contract, and to issue to said plaintiff ninety shares of the capital stock of said defendant company, of the face value of $9,000, or that if for any reason said defendant refuses, neglects to, or cannot perform its said part of said contract by the issuance of said ninety shares of the capital stock of said defendant company, that said plaintiff have and recover of said defendant a judgment for $900, and interest thereon from and since December 1, A. D. 1896, as provided by law, and for such other and further relief as to the court may seem just and proper, together with the costs and disbursements of this action."

The defendant made default and on June 13, 1902, an absolute money judgment in favor of the plaintiff for $900 was entered against it. In addition to a certified copy of the judgment roll and notice of appeal, which constituted the original return to this court, the plaintiff caused to be certified and transmitted to this court, as provided by rule 3 of the court, copies of the records and proceedings had in this action in the district court after judgment, and before the appeal therefrom, which was taken November 17, 1902. It appears from this supplemental return that on September 20, 1902, the defendant made a motion in the district court that the judgment in this case be modified so as to adjudge that the plaintiff shall recover and have a money judgment only in case the defendant shall neglect or refuse to deliver to him the shares of the defendant's capital stock. The district court, upon a hearing of the motion, made its order denying it.

1. On an appeal from a judgment entered upon the defendant's default, and the objection that the complaint does not state cause of action is made for the first time on appeal, the complaint will be held sufficient, if by any reasonable inference or intendment the conclusion follows that it states a cause of action. Smith v. Dennett, 15 Minn. 59 (81); Solomon v. Vinson, 31 Minn. 205, 17 N. W. 340. It is urged that the complaint fails to state a cause of action because it fails to allege the market value of the stock at the time the defendant refused to deliver it. The complaint alleges the market value of the stock at the time the plaintiff performed his part of the contract, and it may be fairly presumed, in support of the complaint, that the market value of the stock did not change between the time of such performance and the demand for the stock. The complaint states a cause of action, within the rule.

2. On the default of a defendant, the relief which may be awarded to the plaintiff must be limited in kind and degree to that specifically demanded in the complaint, although its allegations and the proof would justify other or greater relief. G. S. 1894, § 5413; Dunnell, Minn. Practice, § 1278; Northern Trust Co. v. Albert Lea College, 68 Minn. 113, 71 N. W. 9. It is too obvious to justify any discussion that the judgment as entered in this case granted to the plaintiff a greater measure of relief than he was entitled to under the prayer of his complaint, which was for the delivery to him of the stock, or for the recovery of $900 in case such delivery could not be had. It follows that the defendant is entitled to have the error corrected on this appeal by a modification of the judgment unless the matter is now res adjudicata by reason of his motion in the district court for such modification, and the court's order thereon. The order could not be reviewed on an appeal from the judgment, because it was made after the judgment was entered; hence it was appealable, for it was a final order affecting a substantial right in a summary application in the action after judgment. County of Aitkin v. Morrison, 25 Minn. 295. The order was also appealable as one involving the merits. Piper v. Johnston, 12 Minn. 27 (60); People's Ice Co. v. Schlenker, 50 Minn. 1, 52 N. W. 219. Orders made upon motions affecting substantial rights, from which an appeal lies, if the matter in question has

been fully tried, are as conclusive upon the issues necessarily decided as are final judgments. Truesdale v. Farmers L. & T. Co., 67 Minn. 454, 70 N. W. 568; Fitterling v. Welch, 76 Minn. 441, 79 N. W. 500. Now it appears from the supplemental return herein that the motion to modify the judgment was fully heard and determined by the district court, and that it made its appealable order denying the motion. It follows that the defendant is now bound by the order.

Judgment affirmed.