W. D. CORNISH v. JOSEPH COATES and Another.[1]

December 18, 1903.

Nos. 13,613—(148).

**Decision of Motion.**

A party is entitled to have his motion heard and determined on the merits, if properly made.

Appeal by defendants from an order of the district court for Benton county, Baxter, J., denying a motion to vacate and set aside a judgment theretofore entered in the action. Reversed, and remanded for hearing upon the merits.

*Stewart & Brower,* for appellants.

*Taylor & Jenks,* for respondent.

[1] Reported in 97 N. W. 579.

PER CURIAM.

The defendants herein made a motion, which was brought on for hearing by order to show cause, to set aside an apparent judgment quieting the title to the land described in the complaint herein, on the ground that it was fraudulently entered without the authority of the court or knowledge of the defendants. On the hearing of the motion the plaintiff did not appear, but a purchaser of the land, the respondent Brown, appeared and opposed the motion. The trial court denied the motion, and the defendants appealed.

The first and only claim of the defendants necessary to be considered is the one that the trial judge did not hear and determine the motion upon its merits, but that, without exercising his discretion thereon, he denied the motion on the ground that the defendants had mistaken their remedy. If it were permissible to treat the trial judge's memorandum as a part of his order, it would clearly appear therefrom that the motion was not considered and determined on its merits, but that it was denied on the ground that the defendants' remedy was by action. The memorandum, however, was not made a part of the order; and the question must be determined from the order itself, which was to the effect that the motion be denied, but without prejudice to the rights of the defendants to commence any other proceeding they may deem proper to secure the results sought by this proceeding.

If, as the defendants claim, the judgment was entered without authority and by fraud, and they were in a position entitling them to relief, they had the choice of two remedies: They could move in the original action to set aside the judgment, or bring an action in equity to set it aside. Geisberg v. O'Laughlin, 88 Minn. 431, 93 N. W. 310. If they chose the remedy by motion, as they did, and if the motion had been fully tried, and a decision made on the merits, it would have been res adjudicata, and no action or other proceeding could have been thereafter maintained to set aside the judgment. Halvorsen v. Oronoco Mining Co., 89 Minn. 470, 95 N. W. 320.

The fact, then, that the order of the trial judge denied the motion without prejudice to the rights of the defendants to commence any other proceeding or action to secure the result sought by the motion indicates quite clearly that the motion was not considered and

decided upon the merits, but was denied on the ground that the defendants had mistaken their remedy. If the defendants had acquiesced in the decision denying their motion, and had brought an action to secure the same result, and the respondent had pleaded the decision on the motion as res adjudicata, it would seem clear that the plea would have been bad, for the reason that it appeared on the face of the order that it was not an adjudication of the controversy on the merits. We therefore hold that it appears from the order that the trial court did not consider and decide the motion on the merits. The defendants were entitled to the exercise of the trial court's discretion, and a consideration and decision of their motion on the merits. Johnson v. Howard, 25 Minn. 558.

Counsel for respondent concedes that a case requiring the trial court to exercise its discretion may be properly remanded when the court fails to do so, but they urge that this is a case where the court correctly decided and denied the motion, and that it ought not to be remanded simply because the court assigned a wrong reason for its decision. It is true that a right decision will not be reversed because a wrong reason was given for making it. This, however, is not such a case, but one where the trial court denied the defendants' motion without exercising its discretion and passing on the merits. This court cannot pass upon the merits of the motion as an original proposition, and, in case we should be of the opinion that the motion ought to be denied on the merits, hold that the defendants had not been injured; hence the order denying their motion should be affirmed anyhow. To do so would be to exercise original jurisdiction in the premises, and to deprive the defendants of their right to have the trial court first determine their motion on the merits.

It follows that the order appealed from must be reversed, and the case remanded, with directions to the trial court to hear and determine the motion on its merits.

Order reversed.