## NATIONAL COUNCIL OF KNIGHTS AND LADIES OF SECURITY v. JACOB RUDER.[1]

June 19, 1914.

Nos. 18,742—(269).

**Judgment — action to set aside for perjury.**

1. An action cannot be maintained to set aside a judgment claimed to have been procured by means of perjury upon issues of fact so defined that each party must have known what the other party intended to prove.

**Order sustained — moot question.**

2. Where the complaint in an action to restrain the enforcement of a judgment is within this rule, an order, purporting to have been made upon the merits, denying an application for a temporary injunction, must be sustained, regardless of the trial court's reasons in the premises; and the question whether, upon a sufficient complaint, the trial court would have had jurisdiction to grant the temporary writ at the time it was requested, is moot.

[1] Reported in 147 N. W. 959.

---

Note.—The authorities on the question of perjury as ground for relief against judgment are reviewed in notes in 10 L.R.A.(N.S.) 216; 23 L.R.A.(N.S.) 564; and 25 L.R.A.(N.S.) 574.

Action in the district court for Ramsey county to enjoin the enforcement of a judgment against plaintiff, and to satisfy the same of record. From an order, Catlin, J., denying plaintiff's motion for an injunction, plaintiff appealed. Affirmed.

*William G. White* and *Harvey E. Hall,* for appellant.

*A. J. Hertz* and *James E. Markham,* for respondent.

PHILIP E. BROWN, J.

Appeal by plaintiff from an order denying an application for a temporary injunction, based upon the records, files and complaint in the action. By the latter plaintiff seeks to restrain the enforcement of a judgment rendered against it in the district court of Ramsey county, upon an insurance beneficiary certificate, wherein it was defendant and the present defendant plaintiff; the gravamen of the pending action being that on the two trials of the former action defendant herein testified falsely upon a material issue, solely whereby the judgment was procured. The order appealed from, after formal recitals, concludes as follows:

"William G. White appearing for the plaintiff and A. J. Hertz thereupon appearing specially on behalf of defendant for the purpose only of moving the court to discharge said order to show cause on the ground that the court had no jurisdiction of the defendant, no summons having been served upon the defendant, and after hearing the respective counsel *and on the records and files in said case* (the italics are ours) it is hereby ordered, that plaintiff's said motion be and the same is hereby denied and said order to show cause be and the same is hereby in all things discharged."

Plaintiff contends the court erred therein, because it appears that the merits of its application were not considered or passed upon by the trial court, its motion having been disposed of on the jurisdictional grounds assigned on the special appearance, namely, because defendant had not been served with summons. It may be conceded that if such were the case the order was erroneous, under the rule in Cornish v. Coates, 91 Minn. 108, 97 N. W. 579, wherein it is held that a party is entitled to have his motion, if properly made, heard and determined on the merits. The order cannot be so construed, but, on

the contrary, states that relief was denied "on the records and files in said case;" thus affirmatively showing it was made upon the merits. We are not advised what the court's views were on the question raised by the attorney appearing specially, and they are of no consequence in view of the fact that the order appears to have been made upon the merits. As remarked by Mitchell, J., in Moquist v. Chapel, 62 Minn. 258, 261, 64 N. W. 564, 567: "It is the decision of the court, and not his reasons for it * * * that is here for review." See also Dunnell, Minn. Prac. § 1865. Had the court assigned an erroneous reason for its decision, such would not avail plaintiff, the rule in this court being settled that an order, otherwise right as a matter of law, is not reversible because the reasons assigned therefor are wrong. Kipp v. Clinger, 97 Minn. 135, 140, 106 N. W. 108.

We are, therefore, brought to a consideration of the sufficiency of the complaint as the foundation of the application. This court has frequently held that an action cannot be maintained to set aside a judgment claimed to have been procured by means of perjury on allegations upon issues of fact so defined that each party must have known therefrom what the other party would attempt to prove. Hass v. Billings, 42 Minn. 63, 43 N. W. 797; Hayward v. Larrabee, 106 Minn. 210, 118 N. W. 795, 130 Am. St. 606, 16 Ann. Cas. 259; Major v. Leonard, 115 Minn. 439, 132 N. W. 915; McElrath v. McElrath, 120 Minn. 380, 384, 139 N. W. 708, 44 L.R.A.(N.S.) 505. The complaint is within the rule, and states no cause of action. Hence the order was right in any event, and the question whether, upon a sufficient complaint, the trial court would have had jurisdiction to grant the temporary injunction, is moot.

Order affirmed.