## FRIEDA MARCUS AND OTHERS v. NATIONAL COUNCIL OF KNIGHTS AND LADIES OF SECURITY.[1]

November 3, 1916.

Nos. 19,910—(61).

**Judgment — action to vacate for fraud — perjury of witness.**

1. In a former action plaintiffs sued to recover on a beneficiary certificate. Defendant prevailed on the ground that deceased was tried under the laws of the order and expelled from membership, and that he acquiesced therein. The complaint in this action, to set aside that judgment for fraud, alleges that a witness for the defendant swore falsely that a complaint was made and acted on in accordance with the laws of the society and defendant was tried thereon and expelled, when in fact the complaint and proceedings were irregular. These proceedings were specifically pleaded in the answer in the former action, and denied in the reply, and the false testimony all related to matters which the pleadings incisively put in issue. *Held*, following Hass v. Billings, 42 Minn.

[1] Reported in 159 N. W. 835.

Note.—For authorities passing on the question as to whether perjury is ground of relief against judgment, see notes in 10 L.R.A.(N.S.) 216; 23 L.R.A. (N.S.) 564 and 25 L.R.A.(N.S.) 574.

63, that the complaint does not state a cause of action to set aside the judgment for fraud.

**Insurance — fiduciary relation.**

2. A fraternal society sustains no relation of trust toward one who brings a lawsuit against it to enforce an alleged liability under the beneficiary certificate of a member whom the society has undertaken to expel.

**Evidence — same.**

3. Though the facts to which the alleged false testimony related were within the knowledge of the prevailing party in the suit in which fraud is charged, this is not important if evidence as to the true facts could readily be obtained.

Action in the district court for Ramsey county to set aside a judgment which had been rendered in favor of defendant in a former action between the same parties, upon the ground of perjury committed in the course of the trial. From an order, Brill, J., overruling a demurrer to the complaint, defendant appealed. Reversed.

*William G. White,* for appellant.

*A. J. Hertz* and *James E. Markham,* for respondents.

HALLAM, J.

This action is brought to set aside a judgment for perjury committed in the course of the trial. From an order overruling a demurrer to the complaint, defendant appeals.

The complaint alleges that defendant issued a beneficiary certificate to Samuel Schlesinger in his lifetime, and in the certificate plaintiffs were named as beneficiaries; that Samuel Schlesinger died, and plaintiffs brought action against defendant on the certificate; that the defendant pleaded in defense that H. E. Hall, a member of said society, presented a complaint to the national president of defendant, accusing Schlesinger of having fraudulently misrepresented his age at the time he applied for membership; that said complaint was referred by the president to the national executive committee of defendant, and thereupon said committee directed the issuance of a citation to Schlesinger, requiring him to appear at a meeting of the committee in Minneapolis, Minnesota, to answer said complaint and charges and show cause why he should not be expelled from membership and his certificate canceled; that Schlesinger

was duly tried on said charge and the charge was found true, and an order was made imposing on Schlesinger an additional assessment, and in case of his refusal to pay that he be expelled from membership and his beneficiary certificate canceled, and that these proceedings and a final order of expulsion were regularly entered in the records of defendant society; that plaintiff replied denying these allegations.

The complaint then alleges that on the trial of said action J. V. Abrahams, national secretary of defendant, falsely testified that said charges were presented in a complaint made by said Hall to defendant's national president, and by him referred to the national executive committee, and that said committee had directed the issuance of said citation, which was served on Schlesinger with a copy of the complaint, *whereas* in truth said Hall never presented any written complaint to the president, and none was ever referred by the president to the national executive committee, but that the pretended complaint served upon Schlesinger was one of a large number prepared by Abrahams in blank form as to the name of the person accused, and that Abrahams, without direction of the committee, but on his own motion, prepared a large number of citations, also blank as to the name of the accused, and forwarded the same to Hall with direction to fill into the blank forms of complaints and citations the names of such members as he should see fit to bring to trial before the committee, and that one complaint and one citation were filled in by Hall with the name of Schlesinger.

This complaint further alleges that on the former trial defendant put in evidence said complaint and citation as genuine and regular, and that Abrahams further testified that Schlesinger was tried before the committee upon said complaint, and that testimony was introduced in behalf of the society and on behalf of Schlesinger, and that the committee made its order of expulsion, except on condition that he pay an additional or excess assessment, *whereas* in truth no witnesses were produced at said hearing and no trial actually had, and no judgment or order made or entered.

The complaint further alleges that the facts and circumstances as to the defense interposed by the defendant in that action were peculiarly and exclusively within the knowledge and the possession of defendant, and that plaintiffs had no knowledge that these documents were not genuine and regular.

It is alleged that at the close of the trial of the former action the court directed a verdict in favor of the defendant, prior to December 7, 1912, and that on appeal to this court from an order denying a motion for a new trial said order was affirmed.

The complaint further alleges that in June, 1915, plaintiffs discovered the falsity of this testimony through the testimony of Hall given in another action as a witness for the defendant.

It is not alleged upon what ground the former case was decided. From the decision of the court which is referred to by both parties of which we may take judicial notice, Thornton v. Webb, 13 Minn. 457 (498); Butler v. Eaton, 141 U. S. 240, 242, 11 Sup. Ct. 985, 35 L. ed. 713; Creamer v. Washington State, 168 U. S. 124, 129, 18 Sup. Ct. 1, 42 L. ed. 407; Dimmick v. Tompkins, 194 U. S. 540, 548, 24 Sup. Ct. 780, 48 L. ed. 1110; de Bearn v. Safe Deposit & Trust Co. of Baltimore, 233 U. S. 24, 32, 34 Sup. Ct. 584, 58 L. ed. 833; it appears that it was held that the decision of the trial court should be sustained upon either of two grounds: First, that the trial and decision of the national executive committee of defendant not being appealed from, was final; and, second, that Schlesinger acquiesced in the decision of the committee.

Perhaps on this demurrer we must assume the truth of all the foregoing allegations, regardless of what may appear in the records of this court in that case. So assuming, we proceed to a consideration of the demurrer.

This action is brought under G. S. 1913, § 7910, which gives a right of action to set aside a judgment procured by fraud of the prevailing party. As early as 1889 it was held that when an issue is squarely made in a case so that each party knows what the other will attempt to prove, and neither has a right or is under any necessity to depend on the other proving the fact to be as he himself claims it, the mere allegation by the defeated party that there was, as to such issue, false or perjured testimony by the successful party or his witnesses, will not bring his case within the meaning of the statute. Hass v. Billings, 42 Minn. 63, 43 N. W. 797. This decision has since been consistently followed in cases too numerous to cite. The most recent are National Council of K. & L. of S. v. Ruder, 126 Minn. 154, 147 N. W. 959; Kriha v. Kartak, 127 Minn. 406, 149 N. W. 666, and Brockman v. Brockman, 133 Minn. 148, 157 N. W. 1086. While no hard and fast rule is laid down as to what cases come

within the statute, it is said in general that there must be fraud in invoking the jurisdiction of the court, or in preventing the party from defending the action or in inducing him not to do so, or at least some conduct such that the aggrieved party might be defrauded notwithstanding due diligence on his part in preparing for trial. In one case in this state the alleged fraud consisted in producing on the trial a forged receipt and evidence that it was genuine. Wilkins v. Sherwood, 55 Minn. 154, 56 N. W. 591; in another a forged assignment was produced and sworn to be genuine. Watkins v. Landon, 67 Minn. 136, 69 N. W. 711. It was held in both cases that the principle of Hass v. Billings applied. It seems to us that the present case also is within the rule. The issues were squarely made by the pleadings, and the alleged false testimony pertained to matters which the pleadings incisively put in issue. Each party was distinctly advised as to what the other might be expected to prove.

Plaintiff claims that a relation of trust and confidence exists between a fraternal society and its members, so that the member may rely upon the society to make disclosures of facts within its possession. This may be true. We do not, however, understand that such a society sustains any relation of trust or confidence toward one who brings a lawsuit against it on the canceled beneficiary certificate of a member whom the society has undertaken to expel. It will hardly be claimed that at the time the former action was tried, or at any stage of this litigation, either of these parties in fact reposed any trust or confidence in the other, or that either did depend on the other to prove any fact.

It is alleged the facts were within the knowledge of defendant and not of plaintiff. This is not important if the truth could readily be ascertained. The complaint alleges that it was Mr. Hall, defendant's representative, who disclosed the facts as plaintiffs now claim them to be, and that he did so publicly when testifying as a witness for defendant in another case. No reason appears why Mr. Hall would not have testified truthfully on the trial of the former action between these parties; and, though the fact may not be of great importance, we think we may in this connection take judicial notice of the fact that our own records show that in that action Mr. Hall was examined as a witness by plaintiffs. See de Bearn v. Safe Deposit & Trust Co. supra.

We hold that the complaint does not state a cause of action, and the order appealed from is reversed.