VERNER A. NELSON v. ALLAN AUMAN, *d. b. a.* NATIONAL SAFETY SEAL COMPANY.[1]

February 4, 1944.

No. 33,619.

*Levine & Levine,* for appellant.

*Henry Halladay* and *Dorsey, Colman, Barker, Scott & Barber,* for respondent.

[1]Reported in 13 N. W. (2d) 38.

LORING, CHIEF JUSTICE.

This is an appeal from an order striking as sham, frivolous, and false plaintiff's answer to respondent's complaint in intervention, and also from an order denying plaintiff's motion to vacate said previous order or for leave to amend the answer.

In the main action, plaintiff, who had a patent on a device used in sealing moneybags, sought to set aside certain contracts by which he had licensed the patent to defendant on the grounds that defendant had fraudulently represented that he was a man of means and integrity and thereby induced plaintiff to enter into the license agreements; whereas defendant, who had neither means nor integrity, and had, without plaintiff's knowledge or consent, proceeded to sell stock in a nonexistent corporation to "innocent third parties" and to convert the money from such sales to his own use. The complaint was verified and supported by plaintiff's affidavit. A temporary restraining order was sought. Defendant countered with his affidavit and those of "third parties" and the attorney representing these parties, to the effect that no such representations were made by defendant; that both plaintiff and defendant had contributed to the invention; that the sale of stock in the corporation was made with the consent and encouragement of plaintiff; and that the investors had relied on these license agreements in subscribing for the stock. The motion for the restraining order was denied, and defendant answered.

This answer was a general denial, with the further allegations that plaintiff and defendant jointly interested the investors in forming the corporation which was to manufacture and sell the patented device and which was "to step into the place of said defendant" under the license agreements; and that, having accepted certain benefits under the license agreements, plaintiff was estopped from seeking to cancel them. Defendant prayed that these contracts be declared valid and binding against plaintiff. Subsequently, the corporation was formed and served a complaint in intervention alleging that it had a beneficial interest in the license and incorporating by reference defendant's answer as its cause of action.

Plaintiff moved to dismiss his action for the reason that another concern had started a patent infringement suit in federal court and he wished to await the outcome of that action before proceeding with the one to clarify his rights under the license agreements. The suit against defendant was dismissed, but plaintiff was ordered to trial with intervener. Plaintiff then demurred to intervener's complaint. The demurrer was overruled, and plaintiff answered. It is this latter pleading that is under consideration here.

The answer to the complaint in intervention is lengthy and, after a general denial, substantially alleges the same facts against the intervening corporation as those originally alleged against defendant, adding that the corporation and its investors were part of the fraudulent scheme to deprive plaintiff of his rights in his patent by misrepresenting defendant's financial status and ability and by entering into the preincorporation scheme without plaintiff's knowledge or consent. This answer was unverified and unsupported. Upon intervener's motion, based upon all the files and records of the case, it was stricken as sham, frivolous, and false. Plaintiff then moved to have this order set aside or to be allowed to amend his answer. This motion was supported only by an affidavit of plaintiff's attorney to the effect that the third party investors, who were thought to be "innocent" when the main action was started, were later discovered to be in league with defendant and were attempting to further defendant's original fraudulent scheme through the intervening corporation. This motion was denied in its entirety. Plaintiff appeals from both orders.

On the files and record before it on the original motion to strike, the court was amply justified in determining that the answer was so palpably false that it presented no real issue for trial and that intervener should not be put to proof and the time of the court consumed in a useless trial. 5 Dunnell, Dig. & Supp. §§ 7657, *et seq.*

Intervener's motion to strike was based on all the files, records, and proceedings in the case. These included defendant's verified answer in the main action and affidavits of his attorney and some

of the third parties above referred to. Plaintiff's answer was not verified, nor did he submit counter affidavits. The only opposition presented by plaintiff consisted of his verified complaint and affidavit in the main action. It would serve no good purpose to recite these at length. An examination of them does not warrant reversal of the trial court's finding of the falsity of the plaintiff's subsequent answer in intervention. They recite facts directed only at a cause of action against defendant. The intervening corporation was not even in existence when these documents were prepared. Nor is any complaint there made against the incorporating investors, who are therein referred to as "innocent third parties" and the victims of defendant's machinations. Upon this showing, the answer to the intervention complaint was sham and properly stricken.

■ Plaintiff's motion to vacate the previous order striking his answer or for leave to amend the answer was addressed to the discretion of the trial court. United States R. & P. Co. Inc. v. Melin, 160 Minn. 530, 200 N. W. 807; Little v. Leighton, 46 Minn. 201, 48 N. W. 778. We find no abuse of discretion. As to the request for leave to amend the answer, we think that the trial court was well within its discretion in denying this part of plaintiff's motion. District Court Rule 22(a), 175 Minn. xliv, and Mason St. 1940 Supp. p. 1757:

"In all cases where application is made for leave to amend a pleading * * * such application shall be accompanied with a copy of the proposed amendment, answer, or reply, as the case may be, and an affidavit of merits and be served on the opposite party."

Plaintiff did not serve such a proposed amendment or affidavit of merits.

Affirmed.

Mr. Justice Streissguth took no part in the consideration or decision of this case.