VERNER A. NELSON v. ALLAN AUMAN, *d. b. a.* NATIONAL SAFETY SEAL COMPANY.
NATIONAL SAFETY SEAL COMPANY, INTERVENER.[1]

November 30, 1945.

No. 34,109.

[1]Reported in 20 N. W. (2d) 702.

See, 216 Minn. 407, 13 N. W. (2d) 38.

*Levine & Levine,* for appellant.

*Henry Halladay, C. Hamilton Luther,* and *Dorsey, Colman, Barker, Scott & Barber,* for respondent.

MATSON, JUSTICE.

This matter is before the court a second time. For a more detailed statement of facts see our prior decision. Nelson v. Auman, 216 Minn. 407, 408, 13 N. W. (2d) 38, 39. Subsequent to that decision, wherein this court sustained the order of the trial court striking plaintiff's answer to intervener's complaint as sham, frivolous, and false, intervener served a notice of motion for judgment for the relief demanded in its complaint. Pursuant to this notice of motion, plaintiff (appellant herein) appeared in court and requested that he be given an opportunity to offer testimony. The court denied plaintiff's request on the ground that intervener's motion for judgment was before the court as a default matter; and that therefore plaintiff could not participate in the proceedings. Intervener's motion was granted, and on August 18, 1944, the court made its findings of fact, conclusions of law, and order for judgment. The judgment was entered on January 19, 1945. By motion dated March 19, 1945, plaintiff moved for a modification of said judgment, and this motion was denied on April 13, 1945. Notice of entry of this order was served on plaintiff on April 16, 1945. By notice of appeal dated June 14, 1945, plaintiff appealed from the aforesaid judgment and also from the order denying his motion to modify the judgment.

By his assignment of errors, plaintiff contends that the judgment of the trial court granted greater relief than that demanded in the intervener's complaint, contrary to the statute governing default judgments (Minn. St. 1941, § 548.01 [Mason St. 1927, § 9392]) ;

48

erroneously denied his motion for a modification of said judgment; and, further, that intervener's complaint was defective insofar as it sought by mere reference to adopt allegations of defendant's answer. Respondent urges as one of its defenses that, even if the trial court was in error, the entire matter is now *res judicata* by reason of the court's order denying plaintiff's motion for modification of the judgment, and further that the time for appeal from such order of denial has expired.

■ The order denying plaintiff's motion to modify the judgment was appealable. In Halvorsen v. Orinoco Min. Co. 89 Minn. 470, 472, 95 N. W. 320, 321, with respect to a similar motion, this court held:

"* * * The order could not be reviewed on an appeal from the judgment, because it was made after the judgment was entered; hence it was appealable, for it was a final order affecting a substantial right in a summary application in the action after judgment. County of Aitkin v. Morrison, 25 Minn. 295. The order was also appealable as one involving the merits."

See, Minn. St. 1941, § 605.09, subds. 3 and 7 (Mason St. 1927, § 9498, subds. 3 and 7) ; Cornish v. Coates, 91 Minn. 108, 97 N. W. 579; Bilsborrow v. Pierce, 112 Minn. 336, 128 N. W. 16, 299; 1 Dunnell, Dig. & Supp. §§ 298 and 302.

■ Written notice of the entry of the order denying the motion to modify the judgment was served on plaintiff April 16, 1945. Plaintiff did not issue his notice of appeal until June 14, 1945, or 59 days after he had received written notice of the entry of said order. Section 605.08 (§ 9497) specifically provides that an appeal may be taken "from an order *within* 30 days after written notice of the same from the adverse party." By failing to act within the 30-day period, plaintiff lost all right to appeal from the order, and his attempt to do so thereafter was futile and could confer no jurisdiction upon this court. Neither the supreme court nor the district court can extend the time for an appeal. General Motors Acceptance Corp. v. Jobe, 188 Minn. 598, 248 N. W. 213; Johnson v.

Union Savings B. & T. Co. 193 Minn. 357, 258 N. W. 504; 1 Dunnell, Dig. & Supp. §§ 317 and 318.

▮ Plaintiff's appeal is also from the judgment. Are the issues which plaintiff seeks to raise by this proceeding *res judicata* by virtue of the order from which he failed to take seasonable appeal? Plaintiff chose the remedy of a motion to modify the judgment. The motion was fully tried, and a decision was made on the merits. It follows that the court's order was as conclusive upon the issues necessarily involved as a final judgment. No other proceeding could have been thereafter maintained to set aside the judgment. The entire matter is *res judicata,* and plaintiff is bound by the order. Halvorsen v. Orinoco Min. Co. 89 Minn. 470, 95 N. W. 320; Cornish v. Coates, 91 Minn. 108, 97 N. W. 579; Bilsborrow v. Pierce, 112 Minn. 336, 128 N. W. 16, 299; 4 Dunnell, Dig. & Supp. § 6510.

The Halvorsen case is directly in point on the facts. There, the defendant made a motion to have a default judgment modified on the ground that the judgment granted a greater measure of relief than demanded by the prayer of the complaint. The motion was denied, and defendant failed to appeal from the order of denial within the 30-day·statutory period, but thereafter appealed from the judgment. In holding the matter *res judicata,* the court said (89 Minn. 472, 95 N. W. 321):

"\* \* \* Orders made upon motions affecting substantial rights, from which an appeal lies, if the matter in question has been fully tried, are as conclusive upon the issues necessarily decided as are final judgments." (Citing cases.)

Muellenberg v. Joblinski, 188 Minn. 398, 247 N. W. 570, cited by plaintiff to sustain his contention that the doctrine of *res judicata* does not apply, is not in point. In that case, the trial court had no jurisdiction of the action in that the same had been dismissed by stipulation of the parties prior to the trial. The decision does, however, expressly cite the Halvorsen case, *supra,* and recognizes the principle thereby established.

No seasonable appeal having been taken from the order denying a modification of the judgment, all issues raised by plaintiff are res *judicata.*

Affirmed.

