ROBERT DIESETH v. CALDER MANUFACTURING
COMPANY AND OTHERS.
SAMUEL SAURE, APPELLANT.

147 N. W. (2d) 100.

December 16, 1966—Nos. 39,918, 39,969.

---

[1] Exec. Order No. 10988, 27 F. R. 551.

*Rufer, Blatti, Hefte & Pemberton* and *Richard L. Pemberton,* for appellant Dieseth.

*Garrity, Cahill, Gunhus & Lamb* and *Raymond A. Lamb,* for appellant Saure.

*Field, Arvesen, Donoho & Lundeen,* for respondents.

KNUTSON, CHIEF JUSTICE.

The corporate defendants, Calder Manufacturing Company, a corporation, Calder Door Sales Company, a corporation, and Lancaster Wood Products Company, a corporation, stand in the same posture as far as this appeal is concerned and will hereinafter be referred to as Calder.

The defendant Samuel Saure is the owner and operator of an independent lumberyard in Fergus Falls. This case arises out of a sale by Saure to plaintiff, Robert Dieseth, in 1955 of an overhead garage door. The door was installed on Dieseth's premises by one Roland H. Johnson, a Fergus Falls carpenter, who is not involved in the case. Dieseth ordered the door from Saure and Saure purchased the door from Calder. Each of the corporate defendants is a foreign corporation domiciled in Pennsylvania. Calder shipped the door from Pennsylvania to Saure and it was delivered by Saure to Dieseth.

About 2½ years after the sale of this door plaintiff alleges it came apart and he was injured when it fell upon him. He commenced suit

against Calder, alleging that his injury was due to the negligent construction or assembly of the door. Service was attempted upon Calder under Minn. St. 303.13, subd. 1(3), by delivery of the summons and complaint to the secretary of state.[1] Calder appeared specially and moved the court to quash and set aside this attempted service of process upon the corporate defendants. This motion was made in 1958. The motion was fully tried and argued and the trial judge, on April 1, 1959, granted the motion, setting aside and quashing the attempted service of the summons and complaint. Notice of entry of this final order was served on Dieseth on April 9, 1959. No appeal was taken from the order.

Section 303.13, subd. 1(3), was enacted by our legislature in 1957, which was subsequent to the sale of the door by Calder but prior to the injury sustained by plaintiff in 1958. Attached to the court's order granting the motion to quash service is a memorandum from which it appears that the order is based on his belief that the statute did not apply because it was enacted after the tort was committed by the sale of the door in 1955.[2]

---

[1] Minn. St. 303.13, subd. 1(3), reads: "If a foreign corporation makes a contract with a resident of Minnesota to be performed in whole or in part by either party in Minnesota, or if such foreign corporation commits a tort in whole or in part in Minnesota against a resident of Minnesota, such acts shall be deemed to be doing business in Minnesota by the foreign corporation and shall be deemed equivalent to the appointment by the foreign corporation of the secretary of the State of Minnesota and his successors to be its true and lawful attorney upon whom may be served all lawful process in any actions or proceedings against the foreign corporation arising from or growing out of such contract or tort. Such process shall be served in duplicate upon the secretary of state, together with a fee of $6 and the secretary of state shall mail one copy thereof to the corporation at its last known address, and the corporation shall have 20 days within which to answer from the date of such mailing, notwithstanding any other provision of the law. The making of the contract or the committing of the tort shall be deemed to be the agreement of the foreign corporation that any process against it which is so served upon the secretary of state shall be of the same legal force and effect as if served personally within the State of Minnesota."

[2] See Beck v. Spindler, 256 Minn. 543, 99 N. W. (2d) 670, with respect to the correctness of this holding.

Nothing more was done until February 17, 1964, (which was 5 days before the 6-year statute of limitations would have run) when Dieseth again brought suit against Calder. This time he joined Saure as a defendant, alleging that Saure was the agent and local representative of Calder. Service upon Calder was again made under § 303.13, subd. 1(3). Personal service was made upon Saure. Saure interposed a cross-claim against Calder for indemnity or contribution should he be held liable. Calder again appeared specially and moved the court to set aside the attempted service of process upon them on the ground that the final order in 1959 was res judicata on the issue of service, and also upon the ground that the service was improper upon Calder under this statutory provision. This motion was denied by the trial judge on the grounds that the action was not the same as the 1958 action for the reason that Saure was now a defendant and Dieseth had alleged that Saure was Calder's agent and representative in Minnesota. Calder then moved the court for a preliminary hearing under Rule 12.04, Rules of Civil Procedure, in order that it could be tried and determined whether Saure was in fact the agent of Calder. This motion was granted and the court fully tried the issue and made findings to the effect that Saure was not the agent of Calder but was an independent dealer in lumber products. No one now questions that finding. The court further determined that with this issue out of the case the two actions were the same.

The court granted summary judgment dismissing the action against Calder and also dismissing the cross-claim of Saure against Calder. Judgment was entered and both plaintiff and Saure have appealed.

There are a number of issues raised by plaintiff that we need not determine for the reason that we hold that the first order of 1959 quashing service of summons upon Calder was an appealable order and, inasmuch as no appeal was taken therefrom within the time allowed by law, the issue decided by that order is res judicata and the second action is barred.

■ While the rule we follow with respect to the appealability of an order quashing service of a summons may be the minority view,[3] it has

---

[3] See, Annotation, 30 A. L. R. (2d) 287.

been the rule of this state since Plano Mfg. Co. v. Kaufert, 86 Minn. 13, 89 N. W. 1124, that an order *denying* a motion to quash service of summons is appealable. The latest case so holding is Speyer v. The Savogran Co. 267 Minn. 67, 124 N. W. (2d) 827, where many of our former cases are collected.[4]

While there appear to be none of our cases directly holding that an order *granting* a motion to quash an attempted service under Minn. St. c. 303 is appealable, there is greater reason for holding such order appealable where the motion is granted than where it is denied. If an order granting such a motion is not appealable, the plaintiff could commence any number of actions and the question would never be settled.

■ It is generally held that a judgment for defendant based on lack of jurisdiction is a conclusive adjudication of questions material to the court's jurisdiction and actually decided by the judgment. See Annotation, 49 A. L. R. (2d) 1052, where the author said:

"The principles of res judicata apply to questions of jurisdiction, whether it be jurisdiction of the subject matter or of the parties. This rule is not less applicable to a decision denying jurisdiction than to one sustaining it.

"Consequently, it has been generally held that a judgment for defendant based on lack of jurisdiction is a conclusive adjudication of questions material to the court's jurisdiction and actually decided by the judgment."

An appealable order affecting substantial rights, if the matter in question has been fully tried, is as conclusive upon the issue decided as would be a final judgment. Halvorsen v. Orinoco Min. Co. 89 Minn. 470, 95 N. W. 320; Nelson v. Auman, 221 Minn. 46, 20 N. W. (2d) 702.

With these rules in mind it may be helpful to briefly review some of our cases. In Bulau v. Bulau, 208 Minn. 529, 532, 294 N. W. 845, 847, after holding an order dismissing a cause for want of jurisdiction appealable, we said:

"'* * * An order affecting a substantial right, and appealable, made

---

[4] See, for instance, Curran v. Nash, 224 Minn. 571, 29 N. W. (2d) 436, 174 A. L. R. 411; Dillon v. Gunderson, 235 Minn. 208, 50 N. W. (2d) 275.

in determining a motion after a full hearing has been had on a controverted question of fact and deciding a point actually litigated, is an adjudication binding upon the parties in a subsequent action and conclusive upon the point decided."

In Royal Realty Co. v. Levin, 243 Minn. 30, 66 N. W. (2d) 5, we held that an order dismissing an action on the grounds that the complaint failed to state a claim upon which relief could be granted was an appealable order. While these cases are not exactly the same as that before us, they give some indication of the rules to be applied.

Again, in H. L. Spencer Co. v. Koell, 91 Minn. 226, 97 N. W. 974, we held that an order setting aside service of summons by publication on a nonresident was appealable. With respect to the question of res judicata we said (91 Minn. 229, 97 N. W. 975):

"* * * As the appeal was not seasonably taken, the subject-matter of that order must be regarded as res adjudicata." [5]

Several Federal courts have passed upon the questions involved here. In Ripperger v. A. C. Allyn & Co. (2 Cir.) 113 F. (2d) 332, 333, the court said:

"* * * A court has power to determine whether or not it has jurisdiction of the subject matter of a suit and of the parties thereto. As Mr. Justice Brandeis remarked in American Surety Company v. Baldwin, supra, [287 U. S. 156, 53 S. Ct. 101, 77 L. Ed. 231, 86 A. L. R. 298], 'The principles of res judicata apply to questions of jurisdiction as well as to other issues.' No reason is apparent why the rule should be less applicable to a decision denying jurisdiction than to one sustaining it." [6]

Even though the decision of the trial court in the first order may have been wrong, if it is an appealable order it is still final after the time for appeal has expired. Walling v. Miller (8 Cir.) 138 F. (2d) 629; Annotation, 49 A. L. R. (2d) 1036, 1053.

It follows that inasmuch as the original order was appealable and no

---

[5] For a discussion of this case, see Anderson v. Mikel Drilling Co. 257 Minn. 487, 102 N. W. (2d) 293, 1 A. L. R. (3d) 605.

[6] See, also, United States v. Ring Const. Corp. (D. Minn.) 96 F. Supp. 762; Walling v. Miller (8 Cir.) 138 F. (2d) 629.

appeal was taken from it during the time within which that could be done, it is a final adjudication of the question of jurisdiction and bars the second suit.

With respect to Saure's appeal, about all that need be said is that he claims the matter is not res judicata against him for the reason that he was not a party to the original suit. His position in that respect is well taken, but if plaintiff has acquired no jurisdiction over Calder, neither can Saure acquire such jurisdiction by service of a cross complaint in that action. Whether Saure can acquire jurisdiction over Calder under § 303.13, subd. 1(3), for the purpose of collecting indemnity or contribution is something we need not now decide.

The decision of the trial court is affirmed.