**POPE COUNTY BOARD OF COMMISSIONERS,**
Respondent,

v.

**John PRYZMUS, Appellant.**

No. A03–1634.

Court of Appeals of Minnesota.

July 13, 2004.

Belvin Doebbert, Pope County Attorney, Chad M. Larson, Assistant County Attorney, Glenwood, MN, for respondent.

Michael L. Puklich, Jr., Neaton, Puklich & Klassen, Minnetonka, MN, for appellant.

Considered and decided by HARTEN, Presiding Judge; HALBROOKS, Judge; and MINGE, Judge.

## OPINION

MINGE, Judge.

Appellant argues that the issues litigated in this proceeding were not identical to those previously litigated in another proceeding and challenges the district court's use of collateral estoppel to grant respondent summary judgment. Because we find that appellant attempts to relitigate an issue identical to that decided previously, we affirm.

## FACTS

In 1991, appellant John Pryzmus purchased land containing a one-level cabin on Lake Leven in Pope County, Minnesota. The cabin, built in 1972, had a setback of approximately 145 feet from the ordinary high-water level. On November 28, 2000, appellant applied to the county for a permit to build a residence on the property. The county office manager explained the ordinances applicable to appellant's proposed building project, including a 200-foot setback from the lake requirement for new structures. She also explained that if the proposed structure is an addition, and if 50% of the value of the existing structure is removed, it is considered a new structure and must also comply with the 200-foot-setback requirement. Appellant's plan measurements showed a setback from the lake of about 150 feet and he indicated to the county that he was building an addition to the existing cabin, not a new structure.

The county approved the building permit based on information provided by appellant. In May 2001, appellant completely dismantled the existing cabin. However, he saved the furnace, some plumbing fixtures, some lumber, the kitchen cabinets, and the front door and stoop to use in the new structure, which was built on the same site.

In July 2001, the county observed that the old cabin had been completely removed and replaced with a new, wood-frame structure. It concluded that construction of this structure exceeded appellant's permit and told him to seek a variance allowing the structure to be closer than the required 200-foot setback. Appellant applied for the variance in October 2001, which the Pope County Board of Adjustment denied. Appellant appealed the variance denial to the district court, and on October 10, 2002, the district court affirmed the denial.

On March 5, 2003, Pope County brought an action seeking an order directing appellant to abate the violation by removing the offending structure within one year, authorizing the county to remove the offending structure if the violation was not abated within the specified time, and authorizing the county to recover costs. Appellant denied violating any applicable Pope County ordinances. Pope County moved for summary judgment, and on August 27, 2003, the district court granted the motion. The court took judicial notice of the findings of fact and conclusions of law from the

October 10, 2002 order affirming the denial of the variance application. It specifically found that (1) appellant proposed to place his "new" house 145 feet from the ordinary high-water mark, contrary to the 200–foot setback required under County Land Use Controls Ordinance § 4.4.4; and (2) because appellant completely dismantled the existing cabin, the new structure was required to be at the 200–foot setback. The court found that the same issues had already been litigated in the action regarding appellant's variance application and, based on the doctrine of collateral estoppel, granted summary judgment for the county.

## ISSUE

Did the district court err in granting summary judgment based on collateral estoppel?

## ANALYSIS

"On an appeal from summary judgment, we ask two questions: (1) whether there are any genuine issues of material fact and (2) whether the lower courts erred in their application of the law." *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). No genuine issue of material fact exists "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party...." *DLH, Inc. v. Russ*, 566 N.W.2d 60, 69 (Minn.1997) (quotation omitted). We "must view the evidence in the light most favorable to the party against whom judgment was granted." *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993).

■■■ "Collateral estoppel bars the relitigation of issues which are both identical to those issues already litigated by the parties in a prior action and necessary and essential to the resulting judgment." *Heine v. Simon*, 674 N.W.2d 411, 421 (Minn.App.2004) (quotation omitted). Col-

lateral estoppel is applicable where (1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue. *Id*

■■■ The availability of collateral estoppel is a mixed question of law and fact subject to de novo review. *Falgren v. State, Bd. of Teaching*, 545 N.W.2d 901, 905 (Minn.1996). "Once it is determined that collateral estoppel is available, the decision to apply the doctrine is left to the trial court's discretion." *In re Trusts Created by Hormel*, 504 N.W.2d 505, 509 (Minn.App.1993), *review denied* (Minn. Oct. 19, 1993). The district court's decision to apply collateral estoppel will be reversed only upon a demonstrated abuse of discretion. *Saudi Am. Bank v. Azhari*, 460 N.W.2d 90, 92 (Minn.App.1990).

■■■ Pope County Land Use Controls Ordinance § 4.4.4, requires a structural setback of 200 feet from the ordinary high-water level. Pope County, Minn., Land Use Controls Ordinance § 4.4.4 (1972). But § 10.16.2 contains a "grandfather clause," providing that "[a]ny lawful use existing at the time ... of this ordinance which would be considered as a non-conforming use or structure may be continued except that the expansion, alteration, or enlargement of such use or structure may be restricted to prevent increasing the non-conformity." *Id.* at § 10.16.2. Section 10.16.4 provides that if a non-conforming structure or a structure with substandard setback is "removed or destroyed by any means to an extent of more than fifty (50) percent of its replacement cost at the time of destruction, it shall not be reconstructed or relocated except in conformity with the

provisions of this ordinance." *Id.* at § 10.16.4.

Appellant does not argue that there are genuine issues of material fact. Rather, appellant argues that the district court misapplied the doctrine of collateral estoppel because the issues litigated in the two separate proceedings were not identical. According to appellant, the issues litigated in the appeal of the variance denial were whether the County Board of Adjustment's denial of appellant's request was reasonable, whether appellant established undue hardship for the purposes of obtaining a variance, and whether appellant was afforded due process in the proceedings. Appellant argues that the issue in the instant case is whether appellant is exempt from complying with Pope County Land Use Controls Ordinance § 4.4.4. Appellant argues that the denial of the variance, and not the applicability of the ordinance, was the only issue before the district court in the variance appeal.

The district court in the variance denial made several findings of fact and conclusions of law relevant to the disposition of this case. The findings of fact included a finding that appellant was told of the ordinance requirements when he applied for and received a permit for an addition and that appellant completely dismantled the old cabin, constructing a new residence in its place. As a result of this finding, appellant was subject to the 200–foot setback. The district court's conclusions of law stated that: (1) appellant's proposal to place his new house with only a 145–foot setback was contrary to the required 200–foot setback under County Land Use Controls Ordinance § 4.4.4; (2) the variance denial was reasonable; (3) appellant failed to establish undue hardship; and (4) appellant was afforded due process in the proceedings. The district court's memorandum of law found that appellant's original existing cabin was permitted under the "grandfather clause" exception of County Land Use Controls Ordinance § 10.16.2 to the 200–foot setback requirement of Ordinance § 4.4.4. The court also found that sufficient lot space existed for appellant to rebuild a new structure and meet the 200–foot–setback requirement.

From the record, it is evident that the district court in the variance-denial appeal could not have made its findings without deciding the issues of whether and how the ordinance applied to appellant. Inherent to the court's determination of whether the Board's variance denial was reasonable was the applicability of the ordinance to appellant. In its opinion, the district court stated that the standard of review for zoning matters is whether the local authority's action was reasonable and that "in variance cases, reasonableness is measured by the standards set out in *local ordinance* and not the standards contained in [state] statute." (quoting *VanLandschoot v. City of Mendota Heights,* 336 N.W.2d 503, 508 n. 6 (Minn.1983)) (emphasis added). The court specifically addressed the Ordinance § 4.4.4's requirement of a 200–foot setback and the "grandfather clause." The district court had to interpret the local ordinance in question and determine its applicability to appellant. We conclude that the issue in the current appeal is identical to the one previously adjudicated and that appellant's argument is without merit.

■ Appellant also argues that the issue in this appeal was not necessary and essential to the prior judgment. But unless the district court interpreted and applied the ordinance to appellant's property, it could not have satisfied the reasonableness of the denial of the variance. Thus, the issue of the applicability of the ordinance was both necessary and essential to the earlier judgment.

We also conclude that the district court's findings in the appeal of the variance denial satisfy the remaining elements of collateral estoppel and are not disputed by the parties. There was a final adjudication on the merits. The same parties are present in both proceedings. Appellant was given a full and fair hearing on the issue in the prior adjudication and was afforded due process.

■ We note that precluding relitigation here is an equitable result, consistent with the facts on the record and caselaw in this state. Appellant was afforded various opportunities to address the applicability of the ordinance in question. He had numerous chances to determine whether the ordinance applied and whether he was exempt from compliance. Appellant had one such opportunity when he applied for the building permit and discussed his application with the county. In fact, the county specifically informed him that if the building were a new structure, or an addition that removes 50% of the value of the existing structure, it would have to conform to the 200-foot setback. Appellant was presented with another opportunity during his application for a variance before the County Board of Adjustment. Lastly, appellant could have made his argument in his appeal of the denial of the variance before the district court. To allow appellant to deny violating any applicable ordinance in the current case would be to let him pursue what is essentially the same claim in a second proceeding. This would be a waste of limited judicial resources and would encourage future parties to do the same. Furthermore, we note that the district court in the appeal of the variance made a specific finding in an appealable order that appellant's cabin, located on Lake Leven, was subject to the 200-foot setback under the Pope County Land Use Controls Ordinance. *See Dieseth v. Calder Mfg. Co.,* 275

Minn. 365, 369–70, 147 N.W.2d 100, 102–03 (1966) ("An appealable order affecting substantial rights, if the matter in question has been fully tried, is as conclusive upon the issue decided as would be a final judgment.")

The district court in the prior appeal of the denial of appellant's variance made its findings based on its reading of the applicable sections of the ordinance as applied to appellant's property. In the current appeal, it cannot be said that the district court abused its discretion in applying collateral estoppel. Because there are no genuine issues of material fact and the district court did not err in applying the law, we affirm the grant of summary judgment in favor of the county.

## DECISION

The district court did not err in granting summary judgment based on collateral estoppel because the issues litigated in the two proceedings were the same.

**Affirmed.**