## ESTHER MAYO HARTZELL AND OTHERS v. G. SLADE SCHUSTER AND OTHERS.

100 N. W. (2d) 513.

December 4, 1959—Nos. 37,943, 37,944.

*Archibald Spencer* and *Best, Flanagan, Lewis, Simonet & Bellows,* for appellants.

*David R. Brink, Robert L. Crosby,* and *Dorsey, Owen, Scott, Barber & Marquart,* for respondent trustees.

PER CURIAM.

Motion to dismiss two appeals.

Appellants petitioned the district court for orders authorizing deviation from the investment provisions of two trust instruments and authorizing the trustees to purchase certain types of investment, and for a construction of the trust instruments.

The district court on August 14, 1959, entered orders denying appellants' petitions. On August 19 respondents mailed notice of entry of the orders to the appellants. Appellants did not serve notices of appeal from said orders of August 14 until September 18, 1959. Respondents contend that the appeals should be dismissed because appellants did not take their appeals pursuant to M. S. A. 501.35, which requires an appeal from such an order to be taken within 30 days after the entry thereof by filing notice of appeal with the clerk of the district court. Appellants on the other hand contend that their appeals were timely because they are governed by § 605.08, which states that an appeal may be taken from an order within 30 days after written notice of the same from the adverse party.

Clearly, if appellants' right of appeal is governed by § 605.08 their appeals are timely. If they are governed by § 501.35, they are not timely and must be dismissed. Nelson v. Auman, 221 Minn. 46, 20 N. W. (2d) 702.

The appointment of the trustees of the trusts under consideration had been duly confirmed pursuant to § 501.33 by various orders in 1941 and

1943, and since those dates the respondent trustees have complied with § 501.34.

Section 501.35 reads:

"Any trustee whose appointment has thus been confirmed at any time thereafter may petition the court for instructions in the administration of the trust or for a construction of the trust instrument, or upon or after the filing of any account, for the settlement and allowance thereof. Upon the filing of such petition the court shall make an order fixing a time and place for hearing thereof, unless hearing has been waived in writing by the beneficiaries of such trust. Notice of such hearing shall be given by publishing a copy of such order one time in a legal newspaper of such county at least 20 days before the date of such hearing, and by mailing a copy thereof to each party in interest then in being, at his last known address, at least ten days before the date of such hearing or in such other manner as the court shall order and if such court shall deem further notice necessary it shall be given in such manner as may be specified in such order. Upon such hearing the court shall make such order as it deems appropriate, which order shall be final and conclusive as to all matters thereby determined and binding in rem upon the trust estate and upon the interests of all beneficiaries, vested or contingent, except that appeal to the supreme court may be taken from such order within 30 days from the entry thereof by filing notice of appeal with the clerk of the district court, who shall mail a copy of such notice to each adverse party who has appeared of record."

The petition to the district court in the present case was by a beneficiary of the trust. Clearly the above-quoted statute does not even provide that a beneficiary may institute proceedings, notwithstanding the fact that respondents assert that it has been the practice of lawyers in this field on behalf of beneficiaries to petition the court pursuant to this statute. These sections of the law were enacted in 1933 to provide an expedient and efficient method of providing district courts with jurisdiction in rem whereby trustees could proceed to have their actions reviewed and a conclusive determination rendered. They in no way detract from the substantive law of trusts but are merely procedural. Wertin v. Wertin, 217 Minn. 51, 13 N. W. (2d) 749, 151 A. L. R. 1302.

Since the court has jurisdiction in rem over these trusts we can see no valid reason why the beneficiary should be precluded from invoking the jurisdiction of the court by petition as this is a substantive right existing prior to the enactment of § 501.35, the procedure of which was determined by court order. In re Trusteeship Under Will of Rosenfeldt, 184 Minn. 303, 238 N. W. 687. In view of the fact that the procedure under such a right is

not specified under § 501.35, we concluded in that case that the procedure on appeal from an order rendered pursuant to such a petition is to be governed by § 605.08, which reads:

"An appeal from a judgment may be taken within six months after the entry thereof, and from an order within 30 days after written notice of the same from the adverse party."

Respondents contend that since the procedure is not governed by any of the special statutory proceedings under Rule 81.01 and Appendix A of Minnesota Rules of Civil Procedure it is therefore in the nature of a civil action and must have been initiated under Rules 3.01 and 3.02 by a summons and complaint, which was not done here. We do not believe the argument is convincing where the court unquestionably has jurisdiction in rem over the trust by virtue of a confirmation of the trustee under § 501.33. Also, contrary to what respondents contend, the mere fact that the court ordered a procedure for the notice of hearing consistent with § 501.35 does not require the conclusion that the proceeding was initiated under that section but only indicates the court was following an approved notice procedure.

We accordingly hold that where a district court has acquired jurisdiction in rem by confirmation of the trustee pursuant to § 501.33 the procedure for appeals from orders entered pursuant to petitions of beneficiaries is to be governed by § 605.08. If it is considered necessary, it is for the legislature to include beneficiaries within the purview of § 501.35.

Motion denied.