IN RE WELFARE OF TAMARA BERGIN AND OTHERS.
DELORIS BERGIN v. JOHN BERGIN.
HENNEPIN COUNTY WELFARE DEPARTMENT,
RESPONDENT.

218 N. W. 2d 757.

April 12, 1974—No. 44189.

*William J. Briere,* for appellant.

*Thomas J. Burke,* for respondent John Bergin.

*Manly A. Zimmerman,* for respondent children.

*Gary W. Flakne,* County Attorney, and *Theodore R. Rix,* Assistant County Attorney, for respondent welfare department.

PER CURIAM.

This appeal arises out of an order of the Juvenile Division of the Hennepin County District Court ordering the physical custody of three minor girls retained by their father, to whom custody had been awarded in prior divorce proceedings between the parents. We reverse and remand.

The proceedings were precipitated by a petition to the district court alleging the father to have sexually molested two of the girls, then ages 10 and 8, during the period of his initial custody. The trial court found that the allegations were proved.

After nine different hearings, interspersed with psychiatric examination of the father and the mother, the court ordered that legal custody of the children be placed in the Hennepin County Welfare Department with physical custody to be awarded to the mother if she filed with the court a bond in the sum of $2,000 conditioned upon her not removing the children from this state nor to a residence unknown to the Hennepin County Welfare Department without authority from the court. The order further provided that in the event the mother failed to comply with the condition requiring the filing of the bond, physical custody will be with the father (1) for so long as he maintains in his residence an adult approved by the Hennepin County Welfare Department, and (2) when he files his consent that his residence may be inspected with or without notice by the welfare department at any time. The mother failed to comply with the requirement that she file the bond, whereupon custody was awarded to the father.

We hold that the ordering of custody in the father was an abuse of discretion. The gravity of the offenses disqualifies him as a custodial parent, and the retention of the custodial relationship, with or without the conditions imposed by the court, would not remove the emotional scars upon the children. There was, therefore, no substantial purpose in guaranteeing the father's rights of visitation by the condition of the bond. Whether or not the father may at a future time be sufficiently reformed to alter these consequences, this record falls far short of even the acknowledgment by the father of his offense which must precede reformation.

It may be that the trial court was not fully persuaded that the mother was herself sufficiently fit to be the alternative custodian, at least without supervision of the Hennepin County Welfare Department. We accordingly remand for further proceedings in the district court to determine whether the best interests of the children would be served by placing the physical custody in the mother or in a foster home.

Reversed and remanded with directions.

**220**

On May 24, 1974, the following opinion was filed:

We are persuaded by the guardian ad litem and attorney for subject children that the proceedings on remand originally ordered by this court should be enlarged to permit the Juvenile Division of Hennepin County District Court to determine whether the best interests of the children would be served by placing the physical custody in the mother, the father, or in a foster home.

Although we adhere to the firm view that the present record does not demonstrate that the father is rehabilitated, it may be that a reopening of the proceedings and the taking of additional evidence may show sufficient change in the past approximately year and one-half to warrant consideration of the father as a custodian, with due regard to the well-being of these children. Charges by counsel for appellant mother that the father has continued a course of disobedience to orders of the district court may at the same time be evaluated. The guardian ad litem suggests, with merit, that testimony be taken with respect to the present plans of the mother, the father, and the children themselves. We do not undertake to direct how the district court shall proceed, except to express reservation, under the circumstances of this case, with respect to the imposition of a bond as a condition of an award of custody to the mother in the absence of a full statement of the reasons which might impel the court to do so.

Our remand being so amended, the petition for rehearing is denied.

Mr. Justice Scott took no part in the consideration or decision of this case.