*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1029**

In re the Matter of: Kristin Holly Scherman,
on behalf of minor child, A. S., petitioner,
Appellant,

vs.

Tad Gregory Scherman,
Respondent.

**Filed June 15, 2015
Affirmed; motion denied
Ross, Judge**

Dakota County District Court
File No. 19AV-FA-12-230

Mark A. Olson, Olson Law Office, Burnsville, Minnesota (for appellant)

Lucas J.M. Dawson, Tifanne E.E. Wolter, Mundahl Law, P.L.L.C., Maple Grove, Minnesota (for respondent)

Considered and decided by Reilly, Presiding Judge; Cleary, Chief Judge; and Ross, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

Kristin Scherman obtained a one-year order for protection forbidding her former husband, Tad Scherman, from contacting their daughter, based on the district court's finding that he had unspecified sexual contact with the girl. The district court extended

that order an additional year but denied Kristin's request to extend it to a third year. Kristin appeals that denial. Because the district court's findings are not clearly erroneous and because the court did not abuse its discretion, we affirm.

**FACTS**

Kristin Scherman and Tad Scherman were married in 1999, and their daughter, A.S., was born in 2007. The couple divorced in 2010 under a judgment and decree that declared Kristin as A.S.'s sole physical custodian. Kristin petitioned the district court for a one-year order for protection in March 2012, prohibiting Tad from contact with A.S.

The district court conducted an evidentiary hearing and summarized the testimony and opinion of psychologist Sandra Hewitt, who believed that A.S.'s behaviors were consistent with sexual abuse and that A.S. had been exposed to sexualized contact. Based primarily on that opinion, the district court found that Tad had engaged in inappropriate sexual contact with A.S., and it issued the order for protection.

Kristin sought a one-year extension of the order in 2013. At the time, Tad and Kristin were litigating custody and parenting time in family court. Tad agreed to the extension, and the district court's order granting the extension included no new findings. It stated that the order could be "modified, amended or dismissed by the Court in the family court matter," and it specifically referred to potential contact between Tad and A.S. for therapy, counseling, or parenting time.

Kristin sought another extension in 2014. This request did not succeed. The district court conducted an evidentiary hearing. Kristin made three allegations supporting her request: that Tad violated the previous order by failing to be psychosexually

2

evaluated by Dr. Hewitt; that A.S. may be harmed if Tad had any access to her; and that Tad failed to acknowledge his misconduct and receive treatment.

The district court denied the motion for an extension into a third year. The district court, whose presiding judge had presided in each of the protective-order proceedings, reflected that, at the time of the first request, it "felt that it had no choice but to issue the OFP." Without making an actual finding on the issue, the district court pointed out substantial evidence that indicated that Tad had never molested A.S. The evidence included Tad's consistent denials, an evaluation that did not suggest Tad was psychologically disturbed or sexually deviant, and expert criticism of Dr. Hewitt's 2012 expert evaluation, which had not included an interview with Tad.

The district court found that Tad never violated the prior order for protection. It found that he never contacted or attempted to contact the child, even during periods in which he believed the order had expired. And it found that, even though Tad never completed a psychosexual evaluation with Dr. Hewitt, that circumstance was justified because Dr. Hewitt had retired soon after the 2012 hearing and Tad completed the required evaluation with Dr. Paul Reitman. The district court also found that Kristin's alleged fear of A.S.'s being in Tad's presence was not reasonable. Extensive investigation, including an investigation by Dakota County Child Protection, had not substantiated Kristin's allegations of sexual abuse, and Tad was never criminally charged. And although A.S. is actually afraid of her father, an expert report indicated that the child developed her anxiety from her mother, not from Tad.

3

The district court concluded that "extending the OFP is not necessary to protect anybody involved in this case" and that the existing order was impeding the court-ordered reunification in the parties' family court file. The court denied Kristin's extension request but ordered Tad to "only have contact with the minor child as recommended by the parties' reunification therapists and in compliance with the Court's Orders in the family file."

Kristin appeals.

## DECISION

Kristin raises five arguments to challenge the district court's decision denying her request to extend the order for protection into a third year. She argues that the district court and Tad infringed on her right to due process of law. She contends that some of the district court's findings are clearly erroneous. She maintains that the district court's 2012 finding of abuse bound the court perpetually to extend the order for protection until Tad admitted to the misconduct and received treatment. She argues too that because Tad violated a prior order and she reasonably fears his contact with A.S., the district court abused its discretion by not extending the order. And she asserts that the district court had no authority to define Tad's access to A.S. once it decided not to extend the order.

## I

Kristin argues that Tad brought "inappropriate legal actions" and that the district court made "inappropriate legal determinations" that created a "procedural quagmire," denying her right to due process. The argument is incomprehensible and appears to have no support in the law; but we do not attempt to address it on the merits because it is new

4

on appeal. Kristin never raised a due process argument in the district court. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (holding that we will not consider matters which were not presented to and decided by the district court).

## II

Kristin contests as clearly erroneous several of the district court's fact findings. We review the record in the light most favorable to the findings, and "we will reverse those findings only if we are left with the definite and firm conviction that a mistake has been made." *Pechovnik v. Pechovnik*, 765 N.W.2d 94, 99 (Minn. App. 2009) (quotation omitted). We will not reverse merely because we perceive conflicting evidence or issues of witness credibility. *Id.*

Kristin argues that the district court clearly erred by finding that Tad's failure to receive a psychosexual evaluation from Dr. Hewitt was not a violation of the March 2012 order. The argument has two infirmities. First, determining whether Tad substantially complied with the district court's order was a matter of district court discretion. The district court was aware that Tad did not undergo an evaluation by Dr. Hewitt, so its finding of compliance was effectively a holding that Tad's conduct substantially complied with the order. And second, the evidence supports the underlying fact findings on which the district court made its compliance determination. Testimony supports the finding that Dr. Hewitt retired in 2012, and documents and testimony support the finding that Tad underwent a psychosexual evaluation with a qualified expert. The district court did not clearly err in the underlying fact findings. And it acted within its discretion by

5

holding that Tad's conduct in engaging with a substitute psychologist was sufficient to satisfy its order for a psychosexual evaluation.

Kristin also contends that the district court clearly erred by finding that neither Kristin nor A.S. had a reasonable fear of Tad. She relies on her own testimony, and she relies on parts of Tad's testimony by lifting it out of its context. It is true that Tad testified that he believes that A.S.'s fears of him are reasonable, but he explained that he believes this only because Kristin has fostered anxiety in the child by leading her to believe that he harmed her. It is also true that Tad stated that he believes that Kristin is fearful of him, but he added that her fears are not reasonable and arise from "general anxiety and issues surrounding [their] divorce." The district court acknowledged that Kristin's fear was real, but it found her fear unreasonable. The court based its finding of no reasonable fear mainly on the lack of evidence that Tad posed any danger. The district court considered whether the fear arose from Tad's conduct or some other source. It observed that Tad was never criminally charged despite the lengthy period for the investigation; that a child-protection investigation had also never substantiated the abuse allegation; and that the child-protection case had ended. Tad had no contact with A.S. for more than two years, and no one made any recent allegations of abuse. Tad's psychological evaluation did not suggest any psychosexual concern. And evidence suggested that the child's anxiety resulted from Kristin's exposed feelings rather than from any misconduct by Tad. The finding of no reasonable fear is not clearly erroneous.

Kristin challenges as erroneous the district court's finding that granting her request to extend the order for protection would hinder court-ordered reunification efforts in the

6

family court file. She asserts that no reunification order exists. She overlooks the fact that the family court indeed ordered reunification therapy to commence immediately in September 2012 and again in July 2013. And the district court's November 2013 custody order had reminded the parties to cooperate with the reunification therapy process. Kristin relies on our rules to obscure the family court file, arguing that we cannot look beyond the appellate record to discover whether an order for reunification therapy actually existed. But she included the September 2012 order in her addendum, and the district court was free to take judicial notice of the order issued in another proceeding in the same court. Minn. R. Evid. 201(b) (allowing courts to take judicial notice of adjudicative facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *In re Welfare of Clausen*, 289 N.W.2d 153, 157 (Minn. 1980) (holding that "[j]udicial notice of records from the court in which a judge sits" satisfies the requirement of rule 201(b)).

Kristin has similarly moved us to strike portions of Tad's brief and addendum. We generally may not base our decision on matters that were not received into evidence by the district court and that are outside the record on appeal. *Thiele*, 425 N.W.2d at 582–83. Because we rely only on the record, we deny Kristin's motion as moot.

Kristin references other evidence and findings and asserts that they are irrelevant, but she does not support the assertion with any analysis. We will not address these issues. *See State, Dep't of Labor and Indus. v. Wintz Parcel Drivers, Inc.*, 558 N.W.2d 480, 480 (Minn. 1997) (declining to reach an inadequately briefed issue); *see also State v. Modern Recycling, Inc.*, 558 N.W.2d 770, 772 (Minn. App. 1997) (holding that assignment of

7

error unsupported by argument or assertion is waived unless error and prejudice are obvious).

Kristin finally objects to the district court's recitation of evidence suggesting doubt about the court's original finding in 2012 that Tad had sexually abused A.S. She argues that collateral estoppel bars any relitigation of the 2012 finding. But "[c]ollateral estoppel is an equitable doctrine, . . . and courts do not apply it rigidly but focus instead on whether an injustice would be worked upon the party upon whom the estoppel is urged." *Barth v. Stenwick*, 761 N.W.2d 502, 508 (Minn. App. 2009) (quotation omitted). Without addressing whether collateral estoppel is the right doctrine here, if collateral estoppel is available, the district court has discretion whether to apply it. *Pope Cnty. Bd. of Comm'rs v. Pryzmus*, 682 N.W.2d 666, 669 (Minn. App. 2004), *review denied* (Minn. Sept. 29, 2004). But as we discuss below, we need not determine whether the district court abused its discretion here because the court made no finding on the matter and no finding was necessary.

### III

Kristin argues that Tad is precluded from having custody of or access to A.S. as a matter of law. She contends that because the district court in 2012 found that Tad had sexually abused A.S., Tad can never have custody under any circumstances and cannot have access to A.S. until he acknowledges his offenses and has been rehabilitated. We do not address Kristin's custody argument because the only decision on appeal is the district court's refusal to extend the order for protection. Custody was not decided in that order and the issue is not before us.

8

Kristin relies on a custody decision, *In re Welfare of Bergin*, 299 Minn. 218, 218 N.W.2d 757 (1974), to support her no-access argument. Her reliance on *Bergin* is both misplaced and misleading. It is misplaced because *Bergin* addresses physical custody, not access or contact. And it is misleading because she fails to present the full and relevant decision in that case. In *Bergin*, the supreme court addressed the custody of a father who had sexually molested two daughters. The *Bergin* court initially remanded the case, making the sweeping statement that the "gravity of the [father's] offenses disqualifies him as a custodial parent." *Id.* at 219, 218 N.W.2d at 758. Kristin points us only to this statement about an abuser's supposed custody disqualification. She fails to mention, however, that the supreme court amended its remand order, stating instead that the father was *not* disqualified from having custody under the right circumstances after treatment. *Id.* at 220, 218 N.W.2d at 758–59.

Nothing in *Bergin* stands for the holding that a father accused of abusing his child must admit to the allegation and submit to treatment before having any access to the child. And such a holding would likely conflict with the controlling statute. Even if a parent seeking custody or parenting time has been convicted of certain crimes, including some sex crimes, he can prevail by providing clear and convincing evidence that the request is in the child's best interests. Minn. Stat. § 518.179, subd. 1 (2014). Most difficult for Kristin's argument is the fact that the district court judge in this case reflected on his prior finding of abuse with apparent concern about its accuracy in light of the circumstances of the finding and the investigations that followed. The district court implied that its early finding of abuse rested almost entirely on a psychologist's

suppositions from speculative circumstances, and it implied also that it now doubts that the finding would stand based on more complete information. If the law somewhere supports Kristin's proposition that the original protective-order findings are galvanized and controlling forever on the question of whether to extend an order for protection, she has not brought that legal authority to our attention.

**IV**

Kristin ultimately argues that the district court abused its discretion by denying the motion to extend the order for protection. The district court may extend relief granted in an existing order for protection if the respondent has violated the order or the petitioner reasonably fears physical harm. Minn. Stat. § 518B.01, subd. 6a(a)(1), (2) (2014). The district court has the discretion whether to grant the relief. *Mechtel v. Mechtel*, 528 N.W.2d 916, 920 (Minn. App. 1995). And we review its decision for abuse of discretion. *Geske v. Marcolina*, 642 N.W.2d 62, 67 (Minn. App. 2002).

Kristin contends that the district court's decision constitutes an abuse of discretion based on issues we have already addressed. She maintains that Tad violated the terms of the existing order by not undergoing a psychosexual evaluation with Dr. Hewitt. Again, the district court did not clearly err or abuse its discretion by rejecting that argument. She also relies on her allegedly reasonable fear that Tad will harm A.S. As we have said, the district court had a sufficient base of evidence on which it found that Kristin's fears are not reasonable and that the child's fear results from Kristin's reactions, not Tad's conduct. We add that Kristin's fears are mitigated by the district court's order allowing

10

Tad to have contact with A.S. only as recommended by a reunification therapist and under the authority of the family court.

## V

Kristin argues that once the district court denied her motion to extend the order, it lacked the discretion to limit Tad's conduct in the fashion just stated. The proposition is confusing, but we do not consider it because it is devoid of legal argument or citation to applicable legal authority.

**Affirmed; motion denied.**